IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JANIE M. NEEL                                                                                          PLAINTIFF

V.                                            No. 3:20-CV-00359-ERE

COMMISSIONER OF SOCIAL SECURITY                                        DEFENDANT

**ORDER**

Plaintiff, Janie Neel, appeals the final decision of the Commissioner of the Social Security Administration denying her Title II application for disability insurance benefits and for supplemental security income benefits under Title XVI of the Social Security Act. For reasons set out below, the Commissioner's decision is AFFIRMED.

I.    BACKGROUND

On January 15, 2018, Ms. Neel filed for benefits due to diabetes, back problems, hypothyroidism, Hashimoto's disease, sleep apnea, anxiety, depression, post-traumatic stress disorder ("PTSD"), and hyperlipemia. *Tr. 263, 309*.

Ms. Neel's applications were denied initially and upon reconsideration. At Ms. Neel's request, an administrative law judge ("ALJ") held a hearing on September 16, 2019, where she appeared with her lawyer, and the ALJ heard testimony from Ms. Neel and her sister. *Tr. 1015-1046*. The ALJ issued a decision on April 27, 2020 finding that Ms. Neel was not disabled. *Tr. 60-74*. The Appeals

Council denied Ms. Neel's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-4.*

Ms. Neel, who was forty-three years old at the time of the hearing, has a GED, and past relevant work experience as a machinist, convenience store cashier, and housekeeper. *Tr. 93, 116-119, 263.*

## II.   THE ALJ'S DECISION[1]

The ALJ found that Ms. Neel, who has not engaged in substantial gainful activity since June 9, 2016, has the following severe impairments: Schmorl's nodes (spinal disc herniation) at T12, degenerative disc disease of the lumbar and cervical spine, osteoarthritic changes at the left sacroiliac joint and right foot, diabetes, hypothyroidism, obesity, depression, anxiety, borderline personality disorder, and PTSD. *Tr. 63.* However, the ALJ found that Ms. Neel did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 63-64.*

The ALJ found that Ms. Neel has the residual functional capacity ("RFC") to perform sedentary work with the following restrictions. She can lift/carry 10 pounds

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

occasionally and lesser weight frequently. In an eight-hour day, with normal breaks, she can stand one hour at a time, for a total of two hours with normal breaks; walk fifteen minutes at a time for a total of one hour; and sit two hours at a time for a total of eight hours. Ms. Neel can occasionally reach overhead and she can frequently reach in all other directions. She also can occasionally push/pull weight; climb ramps and stairs, but never ladders, ropes, or scaffolds; operate foot controls; balance, stoop, kneel, crouch, and crawl. She should not work at unprotected heights. She can tolerate a loud noise environment; occasional exposure to moving mechanical parts; frequent exposure to dust/odors/fumes and pulmonary irritants, extreme heat, and vibrations. She can carry out simple instructions, but she would struggle with detailed instructions. She also can perform simple, routine tasks, with occasional public, coworker, and supervisor contact. *Tr. 66*.

In response to a vocational interrogatory, the vocational expert ("VE") informed the ALJ that jobs available with these limitations included bonder, patcher, and sealer. *Tr. 405-410.* The ALJ determined that Ms. Neel could perform a significant number of jobs existing in the national economy and found she was not disabled. *Tr. 74*.

### III.   DISCUSSION

####   A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

####   B.   Ms. Neel's Arguments for Reversal

Ms. Neel asserts that the ALJ's credibility analysis was insufficient under *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). *Doc. 18 at p. 13*. Ms. Neel contends that the ALJ simply paid lip-service to the "*Polaski* factors." *Id.*

"When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence

4

relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions." *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). An ALJ does not need to explicitly discuss each of these "*Polaski* factors," and can reject complaints which are inconsistent with the evidence as a whole. *Id*. A reviewing court "will defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so." *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010) (citation omitted).

The Court finds that substantial evidence supports the ALJ's decision to discount Ms. Neel's complaints. In assessing Ms. Neel's subjective complaints of pain, the ALJ considered numerous facts from the record as a whole and noted several inconsistencies.

After a thorough recitation of Ms. Neel's medical history, the ALJ noted that Ms. Neel's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." *Tr. 67*. The ALJ pointed out that Ms. Neel's doctor's RFC finding and Ms. Neel's reported limited daily activities were inconsistent with the record as a whole. *Tr. 70, 72*. Specifically, the ALJ observed that Ms. Neel

injured herself after chasing chickens (just two months before the hearing), lifting someone out of a car, and lifting "heavy equipment." *Tr. 70, 695, 700, 714, 809*. Ms. Neel argues that these are "tidbits that do not represent trends contrary to the general claim." *Doc. 18*. The Court disagrees. Engaging in these activities, even on isolated occasions, contradicts Ms. Neel's claim that she is unable to perform even sedentary work. The ALJ properly considered it. Furthermore, chasing chickens and lifting heavy objects are not the only things reducing the credibility of Ms. Neel's subjective complaints of pain. Ms. Neel repeatedly told her medical providers that she was able to perform activities of daily living while on her medication regimen and that she maintains physical activity. *Tr. 583, 586, 590, 613, 622, 626, 638, 642, 668, 871, 897*. She also advised that her pain is relieved when "sitting, standing, and walking." *Tr. 590, 626*.

Ms. Neel's treating doctor's repeatedly recommended exercise and weight loss. Her "long term goals include increased activity, core strengthening, [and] proper weight management." *Tr. 585, 588, 597, 628, 864, 874, 901*. This recommendation discredits Ms. Neel's claim that she is unable to perform sedentary work. Additionally, nothing in the record indicates that Ms. Neel was ever on medical restrictions, other than immediately following her surgeries. "A lack of functional restrictions on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating physicians are recommending increased

physical exercise." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). This evidence supports the ALJ's finding that Ms. Neel was capable of sedentary work.

"A claimant who fails to follow medical advice without good reason is not entitled to disability benefits." *Kirksey v. Soc. Sec. Admin., Com'r*, No. 3:14-CV-176-DPM-JTR, 2015 WL 2152673, at *3 (E.D. Ark. Apr. 27, 2015) (citing *Tome v. Schweiker*, 724 F.2d 711, 713–14 (8th Cir. 1984)). For years, Ms. Neel was told to quit smoking and to increase exercise. *Tr. 496, 500, 503, 507, 510, 513, 523, 526, 529 535, 544, 597, 606, 670, 671.* She has done neither. One medical note reflects that the doctor "discussed exercise . . . [and] and positive impact of weight reduction on pain symptoms." *Tr. 597, 601.* Additionally, notes indicate that Ms. Neel did not get x-rays on her hips and knees or attend physical therapy as directed by her doctors. *Tr. 497.*

"An impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). Here, the record indicates that Ms. Neel's "hypothyroid, . . . anxiety, and depression were all stable" and that the "current medication regime is effective" in treating her pain. *Tr. 504, 590, 595, 613, 618, 626, 871.* After steroid injections, Ms. Neel "reported a positive overall improvement in pain as well as increased functionality for at least 4 weeks." *Tr. 607, 655, 659.*

Ms. Neel testified that she has short-term memory issues, which she also reported to her doctors. *Tr. 597, 601, 605, 615, 620, 624, 628, 632, 636, 1030.* However, she also denied having trouble with her memory and the records repeatedly show that her "recent/remote memory [is] intact." *Tr. 112, 588, 592, 669.* Regardless, the ALJ considered Ms. Neel's memory issues when she limited the RFC to "simple instructions," recognizing that Ms. Neel "would struggle with detailed instructions," and limited her to "simple, routine tasks." *Tr. 66.*

Ms. Neel's sister testified that Ms. Need suffers from slurring and dizziness as a side effect of her medication. *Tr. 1044.* However, Ms. Neel repeatedly denied any excessive sedation or side effects from her medications. *Tr. 584, 588, 591-592, 595, 597, 601, 645, 648, 874, 896.* Additionally, she was regularly "alert, oriented, and comfortable" at her appointments. *Tr. 490, 493, 592, 807, 809, 811, 813, 815, 817, 821, 823, 825, 827, 899, 923.*

Finally, Ms. Neel told some doctors that she did not abuse drugs, but she admitted to other doctors that she smoked marijuana, and she tested positive for drugs she was not prescribed. *Tr. 498, 584, 591, 599, 721, 725, 872, 898.* In fact, Ms. Neel was dismissed from her pain clinic for smoking marijuana. *Tr. 743, 825, 860.*

Ultimately, the ALJ applied the proper legal standards in evaluating Ms. Neel's subjective complaints and articulated several valid reasons for discounting her credibility. Accordingly, the Court must defer to those findings. Furthermore,

the ALJ's final decision is supported by substantial evidence on the record as a whole.

## IV.   CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision. There is no legal error.

Accordingly, Ms. Neel's appeal is DENIED and judgment is entered for the Commissioner. The Clerk of Court is directed to close the case.

IT IS SO ORDERED this 16th day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE